J-S19026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARY ELLEN HULL | : | |
| | : | |
| Appellant | : | No. 1192 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 26, 2019
In the Court of Common Pleas of Erie County Division
Criminal Division at CP-25-CR-0000725-2019

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: AUGUST 17, 2021**

Mary Ellen Hull (Appellant) appeals from the judgment of sentence imposed after she pled guilty to aggravated assault and arson (danger of death or bodily injury).[1]  We affirm.

In exchange for Appellant's plea to aggravated assault and arson, the Commonwealth withdrew the remaining six charges against Appellant; she had also been charged with one count of attempted homicide, and five counts of recklessly endangering another person.  The trial court summarized the factual and procedural history as follows:

> The convictions arose from Appellant's actions in pouring rubbing alcohol on the victim and setting her on fire during a drug transaction turned sour on December 8, 2018 in Erie, Pennsylvania.  As a result of the incident, the victim was placed in

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 3301(a)(1)(i).

an induced coma for three months, underwent numerous surgeries and she sustained permanent and disfiguring injuries primarily to her face, neck and upper torso. The victim lost her ears, nose and breasts from the burns. She also suffered injuries to her hands, legs and back.

[On August 7, 2019, Appellant entered a negotiated guilty plea to aggravated assault and arson]. On September 26, 2019, Appellant was sentenced to an aggregate 14 years to 34 years of incarceration[.] . . .

A post-sentence motion was filed on October 4, 2019, wherein Appellant objected to the aggravated-range sentence at Count Two [for aggravated assault] and the consecutive sentence at Count Three [for arson]. On October 17, 2019, the Commonwealth filed a response, objecting to sentence modification. On October 18, 2019, the [c]ourt denied the motion.

On January 22, 2020, Appellant filed a *pro se* Petition for Reconsideration of Sentence *Nunc Pro Tunc*. The [c]ourt treated the petition as a PCRA and appointed PCRA counsel on February 4, 2020. On August 17, 2020, PCRA counsel filed a supplemental PCRA requesting reinstatement of appellate rights *nunc pro tunc*. On September 15, 2020, the [c]ourt reinstated appellate rights and directed PCRA counsel to file a 1925(b) Statement. On September 25, 2020, PCRA counsel filed a petition for leave to withdraw as counsel. On September 28, 2020, the [c]ourt granted the petition, appointed the Office of the Public Defender to represent Appellant and directed counsel to file a Notice of Appeal *Nunc Pro Tunc* and Concise Statement of Matters Complained of On Appeal in forty-five days.

On November 6, 2020, Appellant filed a Notice of Appeal and a Statement of Matters Complained of On Appeal.

Trial Court Opinion, 12/1/20, at 1-2 (citations to notes of testimony omitted).

Initially, we note the trial court lacked authority to extend Appellant's time for filing a notice of appeal. *See Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) ("A court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence."). However, where a

trial court misleads a defendant about the appeal period, this Court may consider an untimely appeal. *Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa. Super. 2001) ("[W]e have declined to quash appeal[s when] the problem arose as a result of the trial court's misstatement of the appeal period, which operated as [a] breakdown in the court's operation."). Here, the trial court erroneously extended the time for Appellant to file her *nunc pro tunc* appeal, which she untimely filed on November 6, 2020, more than 30 after the court's September 15, 2020 order reinstating her direct appeal rights. *See* Pa.R.Crim.P. 720(A)(2)(a). Given the trial court error, we review the merits of Appellant's appeal. Appellant presents a single question for our review:

> Whether [A]ppellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

Appellant's Brief at 3.

Appellant challenges the discretionary aspects of her sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise

statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when [s]he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of the above test by raising her claim in a timely post-sentence motion, filing a timely notice of appeal, and including in her brief a Rule 2119(f) concise statement. **See** Appellant's Brief at 6-8. Therefore, we examine whether she presents a substantial question.

Appellant argues the trial court fashioned an excessive sentence by imposing an aggravated-range sentence for aggravated assault, running the two sentences consecutively, and "fail[ing] to consider the factors set out in 42 Pa.C.S.A. § 9721(b)[.]" Appellant's Brief at 7. Appellant raises a substantial question. **See Commonwealth v. Hill**, 210 A.3d 1104, 1116 (Pa. Super. 2019) (finding a substantial question where appellant asserted the sentence was excessive and the trial court failed to consider sentencing factors).

The law is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Nevels*, 203 A.3d 229, 247 (Pa. Super. 2019) (citation omitted).

Appellant, while "acknowledg[ing] the trial court's discretion in determining whether a sentence should be consecutive or concurrent, … challenges the discretionary aspects of her sentence by arguing that the trial court abused its discretion in sentencing Appellant to such a lengthy period of incarceration, given the mitigating factors of her case." Appellant's Brief at 9-10. Appellant asserts the court erred by imposing her sentences "consecutive versus concurrent," and states her "prior record score consists of convictions from 1997, 1999 and 2004. The Appellant was a law-abiding and productive citizen of the community for nearly her entire life . . . At the time of her conviction[s], the Appellant was 59 years old." *Id.* at 11-12. Appellant claims "the offenses would have likely not occurred" had she and the victim not been using crack cocaine. Id. at 12. Appellant also references her "high level of remorse, acceptance of responsibility." *Id.* This argument is not persuasive.

- 5 -

The trial court imposed an aggravated range sentence of 8 to 20 years for aggravated assault, and a consecutive standard range sentence of 6 to 14 years for arson involving danger of death or bodily injury. The Sentencing Code directs that when a trial court imposes an aggravated range sentence, "it shall state the reasons on the record." 204 Pa. Code § 303.13. Likewise, Section 9721 provides: "[I]n every case the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). Further:

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . .

*Id.*

> We have explained:

> The [trial] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b). However, the record as a whole must reflect due consideration by the court of the statutory considerations enunciated in that section.

*Commonwealth v. Coulverson*, 34 A.3d 135, 145-46 (Pa. Super. 2011) (citations omitted).

While "the trial court is required to consider the particular circumstances of the offense and the character of the defendant[, and] should refer to the defendant's prior criminal record, age, personal characteristics, and potential

for rehabilitation, . . . where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Fowler*, 893 A.2d 758, 767-68 (Pa. Super. 2006) (citation omitted); *see also Commonwealth v. Brown*, 249 A.3d 1206, 1212 (Pa. Super. 2021) ("[I]t is well-settled that when the trial court has the benefit of a presentence investigation [] report, it is presumed that the court was both aware of and appropriately weighed all relevant information contained therein.") (citation omitted). Moreover, "[l]ong standing precedent recognizes that the Sentencing Code affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Brown*, 249 A.3d at 1212 (citation omitted).

Here, the trial court advised:

> In fashioning [Appellant's] sentence, I'm taking into consideration the statements of both counsel, the statement of [Appellant], the statement of the victim, Patricia L. Sprague. I'm also taking into account the pre-sentence report and the police reports which detail the seriousness of the crimes charged here as well as [Appellant's] prior record, which includes convictions for false reports to law enforcement officers, convictions for prostitution, convictions for drugs.
>
> I'm also taking into account those in the gallery, in the courtroom could not understand the victim here. I'm reading a letter from Dr. Stofman, plastic surgeon, [who] notes that Patricia Sprague was burned over 50% of her body and she was in critical care in the hospital for approximately three months, multiple

surgeries for both life-saving interventions and reconstructive purposes.

The poor woman will be disfigured for life. She has issues related with her inability to close her eyes, inability to extend her neck, her nose and ears have been burned off, her hands are nonfunctional, she has no breasts, and she's now undergoing a major operation which may take an additional three or four operations just to get her neck to move.

Needless to say, her life has been turned upside down and will never be the same. It's hard for me to show any mercy to [Appellant]. . . . In light of all that, I'm also taking into account the guidelines as promulgated by the Pennsylvania Commission on sentencing. I believe that – and you're a drug dealer to boot. We have to throw that in as well.

So your character and history here, it indicates that there's undue risk that you are the type of person that will continue to engage in criminal activity. . . .

And regardless of your age, you are in need of correctional treatment, and of course that will be provided to you by confinement in a state institution . . . I believe [an] aggravated range sentence is necessary, because any lesser sentence would depreciate the seriousness of the crimes committed here.

When I look at this victim, I – probably aside from somebody actually being murdered, this is probably the poorest state I've seen a victim in my ten years on the bench.

N.T., 9/26/19, at 15-18.

The court subsequently opined:

Appellant cannot establish the sentence imposed was manifestly excessive. Appellant has neither alleged nor established by reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

As required by 42 Pa.C.S.A. § 9721(b), the [c]ourt placed on the record the reasons for imposition of sentence. The [c]ourt

satisfied this requirement by identifying on the record the [c]ourt was informed by the presentence investigation report. N.T., 9/26/19, at 16. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988); *Commonwealth v. Pennington*, 751 A.2d 212, 217 (Pa. Super. 2000).

***

The imposition of the sentence of confinement at Count Three to run consecutive to the sentence at Count Two was clearly within the authority of the [c]ourt. *See* 42 Pa.C.S.A. § 9721(a); *Commonwealth v. Pierce*, 441 A.2d 1218 (Pa. Super. 1982)[;] *Commonwealth v. Wright*, 832 A.2d 1104, 1107 (Pa. Super. 2003). It is well-accepted "in imposing a sentence, the trial [court] may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." *Wright*, 832 A.2d at 1107. The argument the two crimes arose from the same act and incident is of no moment when sentences are imposed consecutively. Appellant pled guilty to two separate crimes which did not merge at sentencing. No abuse of discretion occurred in sentencing Appellant.

The factors cited by Appellant including Appellant's age, the fact Appellant may have been on drugs when she set the victim on fire, Appellant's 12-word apology at sentencing, N.T., 9/26/19, at 15, and the grace of the victim's forgiveness do not merit remand for resentencing. The claim the sentence is outside the sentencing guidelines is inaccurate. One sentence was in the standard range; the other was in the aggravated range. The suggestion a shorter sentence was warranted because the guilty plea saved the victim from testifying at trial is disingenuous. The victim testified with difficulty to her horrendous injuries at sentencing. N.T., 9/26/19, at 5-10.

Trial Court Opinion, 12/1/20, at 5-7 (citations modified).

Our review of the record comports with the trial court's reasoning and imposition of sentence. As mentioned, the trial court had the benefit of a presentence investigation report. *See* N.T., 9/26/19, at 16; *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020) ("We have repeatedly held that

where a sentencing court has the benefit of a PSI, the court is presumed to have weighed all relevant information regarding the defendant's character against any mitigating factors.") (citation omitted).

Further, and contrary to Appellant's claim the trial court "failed to consider the factors set out in 42 Pa.C.S.A. § 9721(b)," Appellant's Brief at 7, the court at sentencing specifically addressed the mitigating factors advanced by Appellant, but found the victim's extensive and debilitating injuries, along with Appellant's "character and history," to be most compelling. N.T., 9/26/19, at 17-18. Ultimately, and in its discretion, the trial court imposed an aggregate sentence of 14 to 34 years of incarceration because it concluded "any lesser sentence would depreciate the seriousness of the crimes committed here." *Id.* at 17. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) ("The sentencing court is given broad discretion . . . because the sentencing judge is in the best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference.") (citations omitted). Accordingly, we find no merit to Appellant's contention that the trial court imposed a manifestly excessive sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/17/2021